GEORGE SKALICKY v. O. R.
ANDERBERG AND ANOTHER.
STATE TREASURER, CUSTODIAN OF
SPECIAL COMPENSATION FUND, RELATOR.

253 N. W. 2d 155.

April 15, 1977—No. 47047.

---

*Warren Spannaus*, Attorney General, *Richard B. Allyn*, Solicitor General, and *Winston Ehlmann*, Assistant Attorney General, for relator.

PER CURIAM.

Relator, State Treasurer, custodian of the Special Compensation Fund seeks review of a decision of the Worker's Compensation Court of Appeals directing that it administer the supplementary benefit payments to the employee from and after August 31, 1972. Minn. St. 176.132, subd. 3. We affirm.

Minn. St. 176.132, subd. 3, provides as follows in directing the payment of supplementary benefits:

"The payment of supplementary benefits shall be the responsibility of the employer or insurer currently paying total disability benefits, or any other payer of such benefits. When the eligible individual is not currently receiving benefits because the total paid has reached the maximum prescribed by law prior to March 1, 1974, then supplementary benefits will be paid directly to the individual by the administrators of the special compensation fund. The employer or insurer paying the supplementary benefit shall have the right of full reimbursement from the special compensation fund for the amount of such benefits paid."

The record indicates that employer's insurer, Reliance Insurance Company, made weekly permanent total disability compensation payments of $45 to the employee for the period from March 4, 1964, to October 2, 1971. The aggregate amount of these payments was $18,000, the maximum provided in Minn. St. 1964, § 176.101, subd. 4.

Supplementary benefits were then paid by the insurer for the

period from January 1, 1972, to August 31, 1972, totaling $1,-782.80, for which reimbursement was sought from the Special Compensation Fund. Minn. St. 176.132, subd. 3. Commencing on August 31, 1972, the employee received weekly social security benefits in the amount of $45.28. The parties are in agreement that this latter payment exceeds the weekly permanent total disability compensation payment of $45 and thus terminates the obligation of the insurer to continue the disability compensation payments to the employee.

Minn. St. 176.132, subd. 3, requires an employer or insurer currently paying total disability benefits to make payment of supplementary benefits and seek reimbursement from the Special Compensation Fund. As the insurer's obligation to continue disability payments was terminated upon the payment of social security benefits in an amount greater than disability payments, there is no current obligation on the part of the insurer. Rather, that portion of § 176.132, subd. 3, requiring direct payment from the Special Compensation Fund is applicable where, as here, the total paid has reached the maximum of $18,000 as prescribed by Minn. St. 1964, § 176.101, subd. 4.

The interpretation employed by the Court of Appeals in requiring direct payment of supplementary benefits from the Special Compensation Fund is consistent with the legislative intent to prevent duplicative and cumbersome payment procedures in specified instances and is therefore affirmed.

Affirmed.